IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JANICE M. STEFANCIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-04004-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's decision denying Plaintiff Janice Stefancik's applications for Social Security benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had two severe impairments, a partially displaced sternal fracture and a back disorder, but retained the residual functional capacity ("RFC") to perform past work as a clerk/cashier and telemarketer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on May 17, 2010, alleging a disability onset date of March 23, 2009. The Commissioner denied the applications at the initial claim level, and

Plaintiff appealed the denial to an ALJ. On May 30, 2012, the ALJ held a hearing and on August 13, 2012, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 14, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue,* 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

2

outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner,* 646 F.3d at 556.

## Discussion

Plaintiff argues that the ALJ erred at step four in the sequential evaluation process by: (1) discounting her credibility, and (2) finding she could perform past work as a clerk or telemarketer.[2] These arguments are without merit.

**A.    The ALJ properly assessed Plaintiff's credibility.**

Plaintiff's primary claim—that the ALJ improperly discounted her credibility regarding the severity of her pain and the corresponding limitations—is unavailing. When the ALJ discounts a claimant's credibility, he is required to explain why he did not fully credit the claimant's complaints. *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including medical records; statements from the claimant and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly

---

[2] A heading in Plaintiff's brief asserts that "The ALJ Did Not Apply The Correct Legal Standard To Assess Plaintiff's Residual Functional Capacity." Pl.'s Br. at 24. Although the text underneath this heading supplies some boilerplate language concerning the RFC determination, Plaintiff never raises any specific objection to the ALJ's determination or otherwise explains how the ALJ erred in determining her particular RFC. Pl.'s Br. at 24-25. It appears that Plaintiff's counsel cut and pasted this section of the brief from another brief, but failed to include any specific argument explaining exactly how the ALJ failed to apply the correct standard here. Because Plaintiff has failed to make a specific argument, the Court proceeds as if this issue had not been raised at all. *See Whited v. Colvin*, No. C13-4039-MWB, 2014 WL 1571321, at *2 (N.D. Iowa April 18, 2014) (discussing how the failure to specifically object to a magistrate judge's decision is akin to making no objection at all).

discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

Here, the ALJ credited testimony from Plaintiff and her mother that she had suffered multiple injuries since 2009, that she experienced severe back and neck pain, and that she was unable to return to her job as a janitor because she was unable to lift or be on her feet for long periods of time. R. at 15. But the AJL gave good reasons for discrediting their testimony to the extent they were claiming Plaintiff was totally disabled. R. at 14-17. The ALJ rightly observed that the objective medical evidence failed to support Plaintiff's allegations of disabling back and chest pain. R. at 201-240, 312-19. For example, the ALJ noted that although Plaintiff alleged her back pain manifests itself in radicular symptoms in her legs, a musculoskeletal examination undermined these allegations. Plaintiff had no trouble performing straight leg raises and she had normal reflexes, almost normal range of motion in her joints and spine, normal strength in her extremities, and no evidence of swelling, erythema,[3] contracture,[4] crepitus,[5] or deformity in her joints. R. at 312-19. It is well-settled that the absence of objective medical evidence is an important factor the ALJ must consider in evaluating the claimant's testimony and complaints. *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004). A claimant cannot establish disability based solely on her own subjective complaints, even if those complaints are echoed by a relative. *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) (the claimant's complaints must be supported by medical signs and findings); *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) (corroborating testimony of an individual living with the claimant may be discounted by the ALJ because that individual has a financial interest in the outcome of the case).

---

[3] Erythema is redness of the skin caused by capillary dilatation. PDR Medical Dictionary 594 (1st ed. 1995).
[4] Contracture is static muscle shortening. PDR Medical Dictionary 389 (1st ed. 1995).
[5] Articular crepitus is noise made when a joint grates against another joint. PDR Medical Dictionary 408 (1st ed. 1995).

4

Additionally, the ALJ noted that Plaintiff's sporadic, limited, and very conservative treatment—she took Tylenol, Ibuprofen, and Aleve as needed for her pain—suggested she was not unable to work. R. at 16. This is a valid reason to discount a claimant's credibility. *See, e.g.*, *Combs v. Astrue*, 243 Fed. Appx. 200, 205 (8th Cir. 2007) (holding taking only over-the-counter pain medication is inconsistent with complaints of disabling pain); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (noting that if the claimant's pain was as severe as alleged, she would have sought regular medical treatment). The ALJ also did not err in noting that Plaintiff's activities of daily living—performing light housework, driving short distances, attending church, and occasionally fishing—detracted from her credibility. *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008) (performing housework, taking care of child, cooking, and driving are inconsistent with claims of disability). Accordingly, substantial evidence supports the ALJ's credibility determination.

**B.     The ALJ properly determined that Plaintiff could perform some past work.**

There is less merit to Plaintiff's claim that the ALJ erred in determining that she could perform past relevant work as a clerk/cashier and telemarketer. Plaintiff contends the ALJ failed to make specific findings regarding the demands of her past work, and that the ALJ was required to compare those findings to Plaintiff's RFC before he determined whether Plaintiff could perform her past jobs as a clerk/cashier and telemarketer.

The ALJ must find the claimant "not disabled" if the claimant can perform any of his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant bears the burden of showing that she cannot perform her past work. 20 C.F.R. §§ 404.1520(f), 404.1560(b)(2), 416.920(f), and 416.960(b)(2).

Here, the ALJ appropriately solicited the testimony of a vocational expert to assist him in comparing Plaintiff's past relevant work with her RFC. *Wagner v. Astrue*, 499 F.3d 842, 854 (8th Cir. 2007). The ALJ then found Plaintiff could perform her previous clerk/cashier and telemarketer jobs as they were actually and generally performed. R. at 18. Plaintiff argues the ALJ erred because there is no evidence in the record concerning how she actually performed her past clerk/cashier and telemarketer jobs. The record, however, contains Plaintiff's work history in which she lists past jobs as a convenience store clerk and telemarketer in phone sales, the latter of which she described as a "desk job" with MCI. R. at 27, 159, 186. To the extent Plaintiff contends that this information is insufficient, she misapprehends the burden of proof. At step four, it is *the plaintiff's* burden to demonstrate that she could not perform her past relevant work both as it was actually and generally performed, and thus to provide any evidence as to how she actually performed her past jobs. *Hill v. Colvin,* 753 F.3d 798, 801 (8th Cir. 2014). In any event, if Plaintiff can perform a past job either as it was actually performed or as it is generally performed in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(f) and 416.920(f); *see also, Young v. Astrue*, 702 F.3d 489, 491-92 (8th Cir. 2013) (observing the ALJ need not make explicit findings regarding the mental and physical demands of claimant's past relevant work as actually performed when he finds claimant can perform work as generally performed). Thus, the ALJ's finding that Plaintiff could perform her past jobs as a clerk/cashier and telemarketer as they are generally performed in the national economy was sufficient. Consequently, the ALJ did not err in finding Plaintiff could perform past relevant work.

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     September 30, 2014                     /s/ Greg Kays
                                                 GREG KAYS, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT